**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2065

KIMBERLY H. STODDARD,

Plaintiff – Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY,

Defendant – Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cv-00965-CCE-JEP)

Argued:  December 5, 2017                    Decided:  December 19, 2017

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Edward G. Connette, ESSEX & RICHARDS, P.A., Charlotte, North Carolina, for Appellant.  James Aaron Dean, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellee.  **ON BRIEF**: Caitlin H. Walton, ESSEX RICHARDS, P.A., Charlotte, North Carolina, for Appellant.  Ryan H. Niland, Winston-Salem, North Carolina, Patrick G. Spaugh, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After paying plaintiff Kimberly H. Stoddard long-term disability benefits for a decade, defendant First Unum Life Insurance Company terminated those benefits as of December 1, 2014. In these proceedings, Stoddard asserts that — although her benefits plan accords First Unum discretion in rendering eligibility determinations — First Unum acted unreasonably and violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* On cross-motions for summary judgment, the district court disagreed with Stoddard and awarded judgment to First Unum. *See Stoddard v. First Unum Life Ins. Co.*, No. 1:15-cv-00965 (M.D.N.C. Sept. 1, 2016), ECF No. 36. Stoddard timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's award of summary judgment to First Unum on Stoddard's ERISA claim, applying the same standard employed by the district court in its assessment of First Unum's benefits decision. *See Harrison v. Wells Fargo Bank, N.A.*, 773 F.3d 15, 20 (4th Cir. 2014). That is, because of the discretion conferred upon First Unum by the plan, we consider whether First Unum abused its discretion in terminating Stoddard's long-term disability benefits. *See id.* Under that deferential standard, we must uphold First Unum's decision "if it is reasonable," even if we "would have come to a different conclusion independently." *See United McGill Corp. v. Stinnett*, 154 F.3d 168, 170-71 (4th Cir. 1998) (internal quotation marks omitted).

Having had the benefit of oral argument and having carefully considered the briefs, the record, and the applicable authorities, we are satisfied that First Unum did not

2

abuse its discretion in rendering its benefits decision against Stoddard. Accordingly, we affirm the judgment entered by the district court in favor of First Unum.

*AFFIRMED*